1    WO

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8
     Deborah Eaton,                      )   CV 07-2568-PHX-SMM
9                                        )
                 Plaintiff,              )
10                                       )   **ORDER**
     v.                                  )
11                                       )
     The Basha's Inc.,                   )
12                                       )
                 Defendant.              )
13                                       )

*Defendants' counsel and the party representative appeared. Plaintiff and her counsel failed to appear at the hearing.*

14          On April 28, 2008 a Preliminary Pretrial Conference was held in open Court

15   pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the

16   parties filed a Rule 26(f) Case Management Plan.  Pursuant to the terms of the Case

17   Management Plan, and the representations made by the parties at the Rule 16 Preliminary

18   Pretrial Conference, all parties were ordered to comply with the deadlines established in this

19   Order.

20          **IT IS HEREBY ORDERED** that the current provisions of the Federal Rules

21   of Civil Procedure shall apply to all proceedings concerning this case.

22          **IT IS FURTHER ORDERED** that all Initial Disclosures as defined in

23   Federal Rule of Civil Procedure 26(a), if not already exchanged prior to the time of this

24   Preliminary Pretrial Conference, shall be made **no later than five (5) days** after date of

25   entry  of  this  Order  or,  in  the  alternative,  no  later  than

26   *MAY 16, 2008*                            .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

**IT IS FURTHER ORDERED** that any amendment to the Complaint shall be filed no later than _____ *May 9, 2008* _____. Any amendment to the Answer shall be filed no later than ___ *May 23, 2008* ___.

**IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than ___ *N/A* ___.[1] The Defendant(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 no later than _____ *N/A* _____. Rebuttal experts if any, shall be disclosed no later than _ *N/A* _____. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

**IT IS FURTHER ORDERED** that the disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.

**IT IS FURTHER ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by _ *N/A - Parties to file cross motions for summary judgment* _. In no event, however, shall this provision alter the duties and obligations imposed upon the parties by

---

[1]    The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

1   Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will conduct
2   discovery in such a manner as to complete, within the deadline, any and all discovery. "Last
3   minute" or "eleventh hour" discovery which results in insufficient time to undertake
4   additional discovery and which requires an extension of the discovery deadline will be met
5   with disfavor, and could result in denial of an extension, exclusion of evidence, or the
    imposition of other sanctions.

6          **IT IS FURTHER ORDERED** that depositions shall be limited as provided
7   by Rules 30 and 31 of the Federal Rules of Civil Procedure unless the parties otherwise
8   stipulate in writing when permitted to do so pursuant to the Rules or when granted
9   permission to depart from the provisions of the Rules by Order of this Court.
10  Notwithstanding any provision in the Federal Rules of Civil Procedure or the Local Rules,
11  the parties shall conduct no more than _____ *N/A* _____ depositions.

12         **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure
13  30(d)(2) that there shall be a time limit of __*N/A*__ hours[2] to conduct a deposition of any
14  witness in this case. Additional time shall be allowed where the deponent or a party impedes
15  or delays the examination. This time limit may only be extended by Order of this Court
16  upon motion of any party that demonstrates good cause for doing so. Counsel shall conduct
17  themselves courteously and professionally, especially during the taking of depositions. Any
18  objections made during the course of a deposition must be in accordance with Rule 26(d)(1)
19  of the Federal Rules of Civil Procedure.

20         **IT IS FURTHER ORDERED** that notwithstanding any provisions of the
21  Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses
22  shall <u>not</u> be permitted to attend, either physically, electronically, or otherwise, the deposition
23  of any other witness in this case without an Order of this Court to the contrary.
24

25         [2]   The Court finds that a presumptive limit of four (4) hours is sufficient for
26  depositions in a standard track civil case.

1   **IT IS FURTHER ORDERED** that discovery by interrogatory shall generally
2   be governed by Federal Rule of Civil Procedure 33. However, notwithstanding Federal Rule
3   of Civil Procedure 33, there is a limit of _____*N/A*_____ interrogatories, including discrete
    subparts, applicable to this case.

4   **IT IS FURTHER ORDERED** that requests for admissions shall be governed
5   by Federal Rule of Civil Procedure 36. The parties shall serve no more than _____*N/A*_____
6   requests for admissions.

7   **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule
8   26(e) of the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and
9   responses to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes
10  to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial
11  Disclosures are due.  Since this Court effectively requires all Rule 26(a)(3) Pretrial
12  Disclosures to be contained in the Proposed Final Pretrial Order, this Order contemplates
13  that all exhibits and witnesses that may be offered at trial will have been disclosed before
14  the close of discovery as established by the provisions of this Order. This Order therefore
15  supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore
16  (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited
17  to witnesses and exhibits, or (2) a failure to have timely supplemented responses to any valid
18  discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed
19  Final Pretrial Order that were not previously disclosed in a timely manner as to allow for
20  meaningful discovery prior to the discovery cutoff date as established by this Order, may
21  result in the exclusion of such evidence at trial or the imposition of other sanctions.

22  **IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the**
23  **parties shall contact the Court to request a telephonic conference prior to filing any**
24  **discovery motions.** The parties shall not contact the Court regarding a discovery dispute
25  unless they have been unable to resolve the dispute themselves, despite personal consultation
26

-4-

and sincere efforts to do so.  The parties shall not file any written materials related to a discovery dispute or discovery motion without express leave of Court.  If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than _September 12, 2008_.  Such motions must be, in all respects, in full compliance with the Rules of Practice of the United States District Court for the District of Arizona.

**IT IS FURTHER ORDERED** that no submissions to the Court shall contain any footnotes in excess of five (5) lines.

**IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that failure to respond to a motion by serving and filing an answering memorandum within the time period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States District Court for the District of Arizona may be deemed a consent to the denial or granting of the motion and the Court may then dispose of the motion summarily.

**IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any motion.  Instead, a party desiring oral argument on a motion shall request argument by placing "Oral Argument Requested" immediately below the title of such motion, pursuant to LRCiv 7.2(f) of the  Rules of Practice of the United States District Court for the District of Arizona.  The Court will then issue a minute order scheduling the oral argument.

Oral argument shall be scheduled at the request of a party on all motions to dismiss and motions for summary judgment.  On all other motions on which a party requests oral argument, the Court will determine whether oral argument is necessary.  FURTHER,

-5-

THE PARTIES ARE REMINDED THAT OBTAINING A HEARING DATE IS PURELY ADMINISTRATIVE. ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE COURT MAY, AT ANY TIME AFTER THE MOTION IS FULLY BRIEFED, DETERMINE THAT A HEARING IS UNWARRANTED AND RULE ON THE MOTION WITHOUT ORAL ARGUMENT.

**IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules of Practice of the United States District Court for the District of Arizona. Notwithstanding this directive, however, if such a motion, request, or stipulation seeks an extension of time in which to file a memorandum in response or in reply to a motion previously noticed for oral argument, under no circumstances shall such a motion, request, or stipulation seek an extension that would preclude the Court from having at least thirty (30) days from the due date for the filing of the reply memorandum to consider the merits of the underlying motion unless the motion, request, or stipulation also seeks to vacate and reschedule the oral argument.  Any motion, request, or stipulation that so seeks both an extension of time and rescheduling of a hearing shall contain a memorandum of points and authorities which demonstrates good cause for the Court to grant the requested extension.

**IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motions deadline has passed, Plaintiff(s) shall file a Notice of Readiness for Order Re: Final Pretrial Conference within ten (10) days of the dispositive motions deadline.

**IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, the Court will issue an Order Re: Final Pretrial Conference following its resolution of the dispositive motions, if necessary.

**IT IS FURTHER ORDERED** that the Order Re: Final Pretrial Conference shall: 1) set deadlines for the filing of and response to motions in limine; 2)  instruct the

parties on their duties in preparing for the Final Pretrial Conference and for trial; and 3) include a form for the completion of the parties' Proposed Pretrial Form of Order.

IT IS ORDERED that the attorneys for each party <u>who will be responsible for trial of the lawsuit</u> shall APPEAR and PARTICIPATE in a Final Pretrial Conference on _____ N/A _____ at _____ N/A _____, ___.m. in courtroom # 605 on the sixth floor of the United States Courthouse, 401 West Washington Street, Phoenix, Arizona. Because the Final Pretrial Conference is held for the benefit of all parties, and further because the presence of all parties will facilitate frank discussion of the pertinent issues in the lawsuit, **each party, or a representative with binding settlement authority if the party is an entity**, shall attend the Final Pretrial Conference. At the Final Pretrial Conference, the Court shall set a firm trial date.

IT IS FURTHER ORDERED that the parties shall keep the Court informed regarding the possibility of settlement and should settlement be reached, the parties shall file a Notice of Settlement with the Clerk of the Court.

IT IS FURTHER ORDERED that this Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under Rule 16 of the Federal Rules of Civil Procedure.

DATED this 28th day of April, 2008.

Stephen M. McNamee
United States District Judge