**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DEBORAH EATON, ) | No. CV 07-2568-PHX-SMM |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| vs. ) | |
| BASHAS' INC. GROUP DISABILITY PLAN., ) | |
| Defendant. ) | |

Plaintiff in this case seeks recovery of disability benefits and clarification of her right to future benefits under the Employment Retirement Income Security Act ("ERISA"). Pending before the Court is the Plaintiff's Memorandum of Law RE: Request to Undertake Discovery (Doc. 30) and Defendant's Brief Regarding Discovery Issues (Doc. 29). The Court held a Discovery Conference on October 21, 2008, to resolve a dispute between the parties regarding Plaintiff's request to undertake discovery in the form of two depositions. Plaintiff wishes to depose Barbara Schroder, Defendant's claim manager, and Dr. Atul Patel, Defendant's independent medical examination physician. Defendant has refused to grant these depositions due to a belief they are not appropriate or warranted. At the Discovery Conference, the Court took this discovery matter under advisement. Having considered both parties' memorandums, as well as the arguments presented at the Discovery Conference, the Court finds as follows, and therefore will deny Plaintiff's request.

Plaintiff alleges there is a conflict of interest present due to the fact Bashas' Inc. Group Disability Plan is self-insured by Bashas' Inc. In light of this alleged conflict, Plaintiff requests

1 discovery to determine the extent to which the conflict influenced Bashas' decision-making in
2 denying Plaintiff disability benefits.

3       The Court finds the existence of any conflict of interest and its potential impact on the
4 Defendant's decision to deny Plaintiff disability benefits are issues better addressed at the
5 summary judgment stage.  Instead, the issue is whether discovery, and specifically two
6 depositions, may be used to investigate a potential conflict and its impact.  In Burke v.
7 Pitney Bowes, the Ninth Circuit found a district court has discretion in ERISA cases to allow
8 evidence outside the administrative record to determine the nature and extent of any conflict
9 of interest as well as its effect on the decision to deny benefits.  2008 WL 4276910, at *10
10 (9th Cir. 2008); see also Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir.
11 2006).  However, Plaintiff has failed to demonstrate what information the depositions of
12 Barbara Schroder and Dr. Atul Patel will disclose that is not already contained in the
13 administrative record.  Furthermore, Plaintiff has not shown that the depositions will help in
14 proving the denial of benefits to Plaintiff was influenced by a conflict of interest.  Plaintiff
15 also has not indicated how the depositions might provide "evidence of malice, self-dealing,
16 or a parsimonious claims-granting history" that would warrant giving any such conflict of
17 interest increased weight in the court's review of the benefits denial.  Abatie, 458 F.3d at
18 968.

19       Additionally, Plaintiff claims that the Defendant did not consider all of the evidence
20 Plaintiff provided during the review process, and thus, the requested depositions are needed
21 to weigh the effect of this procedural error.  In reality, Defendant on two occasions
22 requested that Plaintiff provide any additional information that she would like considered in
23 the review of her benefits denial (Doc. 29, Exhibits 1&2).  In response to its requests,
24 Defendant never received any documents from Plaintiff except for one letter from her
25 treating physician, Cynthia Barry (Doc. 30, Exhibit 1).  Other procedural errors alleged by
26 Plaintiff include failure to administer the claim in the best interest of Plaintiff, selective use
27 of medical records, and arbitrarily refusing to credit claimant's credible evidence.  Again,
28

Plaintiff has not indicated how the depositions will demonstrate these alleged procedural errors. Therefore, Plaintiff's request for discovery in the form of two depositions is denied.

Finally, Plaintiff alleges that the Defendant failed to provide information regarding what material or documentation was needed in order to perfect Plaintiff's claim. The Code of Federal Regulation addresses the duty of ERISA plan administrators to provide a claimant with notification (either written or electronic) of a denial of benefits.

> This notification shall set forth, in a manner calculated to be understood by the claimant--- (1) The specific reason or reasons for the adverse determination; (2) Reference to the specific plan provisions on which the determination is based; (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and (4) A description of the plan's review procedures and the time limits applicable to such procedures.

29 C.F.R. § 2560.503-1(g) (2008). Based upon the exhibits submitted to the court in connection with the parties respective discovery memorandums, the Court finds evidence that Defendant asked Plaintiff to submit any additional information related to her claim. However, it is unclear if Defendant, in its denial of benefits notification to Plaintiff, ever identified what materials would be needed to perfect her claim and detailed why those materials were necessary for its review. The Court finds the adequacy of Defendant's notification regarding denial of benefits a matter suitable for summary judgment motions.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Request to Undertake Discovery (Doc. 30).

**IT IS FURTHER ORDERED** that the new dispositive motion deadline for the parties will be **Friday, November 21, 2008.**

DATED this 23rd day of October, 2008.

_____
Stephen M. McNamee
United States District Judge